UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 779 |
| | ) | |
| JACK L. HARGROVE, and | ) | |
| MICHEL D. THYFAULT, | ) | Judge James B. Moran |

## NOTICE OF FILING

TO:  Edward M. Genson                    Paul A. Wagner
     53 W. Jackson Blvd.                 321 S. Plymouth Ct.
     Suite 1420                          Suite 1500
     Chicago, Illinois 60604             Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on Monday, July 18, 2005, the undersigned filed with the Clerk of this Court, **GOVERNMENT'S MOTION *IN LIMINE* TWO**, service of which is being made upon you.

_____
BART HUFF
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

| | | |
|---|---|---|
| **STATE OF ILLINOIS** | ) | |
| | ) | SS |
| **COUNTY OF COOK** | ) | |

Bart Huff, deposes and says that he is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 18th day of July, 2005, he caused a copy of the above-mentioned filings to be served by fax and U.S. Mail.

_____


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 779 |
| | ) | |
| JACK L. HARGROVE,, et al. | ) | The Honorable James B. Moran |

## GOVERNMENT'S MOTION IN LIMINE TWO

The UNITED STATES OF AMERICA, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby requests that this Court preclude the introduction of any tape recordings at issue in this case, or portions thereof, in which there is no consenting party who is a participant:

1. On October 16, 2003, defendant Hargrove moved to suppress six tape recordings of telephone calls between himself, co-defendant Capriotti, Gary Bertacchi (the then President of Independent Trust Corporation (Intrust)), as well as others. As explained in the briefs and supporting documentation, Intrust's telephone system recorded these telephone calls automatically. Defendant Hargrove argued that the recordings violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* and, therefore, the government should be precluded from introducing the recordings.

2. Of the six recordings, the government responded that it did not intend to introduce one – a call between only Capriotti and Hargrove on January 5, 2000. With respect to the others, the government responded, among other things, that Bertacchi was a consenting party to the communication, and, thus, pursuant to Section 2511(2)(d), the recordings were properly recorded.

3. By memorandum opinion dated April 2, 2004, this Court agreed with the government and denied Hargrove's motion. With respect to the January 5, 2000, recording, the Court denied the motion as moot. With respect to the other recordings, the Court concluded that the interception and recording of the telephone conversations was appropriate because Bertacchi was a consenting party.

4. Based on this Court's rationale, the government understands that any recording or portion thereof in which a consenting person was not a party to the communication is not admissible and requests that this Court enter such an order. Specifically, the government requests that this Court enter an order barring the introduction into evidence of the January 5, 2000, recording between Hargrove and Capriotti and any portion of the other recordings in which Gary Bertacchi, the consenting party, was not present. This includes the portion of the April 23, 1999, recording associated with transcript page 20, line 21, through page 22, line 29 (Exhibit 1), during which Gary Bertacchi was not in the room.[1]

---

[1] Of course, in addition to the Court's order on defendant Hargrove's Title III argument, these recordings would be hearsay if defendant Hargrove were to attempt to introduce them.

## Conclusion

For the reasons set forth above, the government requests that this Court enter an order precluding the introduction of any recording or portion thereof in which a consenting person is not a party.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
ROBERT W. KENT, JR.
BART HUFF
SCOTT R. DRURY
Assistant United States Attorneys
219 South Dearborn Street
Room 500
Chicago, Illinois 60604

EXHIBIT 1

| | | |
|---|---|---|
| 1 | BERTACCHI | Okay. |
| 2 | HARGROVE | Because I'm not gonna put you in a bind. |
| 3<br>4 | BERTACCHI | Can I ask you guys for one more favor then? |
| 5 | HARGROVE | What's that? |
| 6<br>7 | BERTACCHI | Can I, I, I did a memorandum which I've already signed... |
| 8 | HARGROVE | Uh huh. |
| 9<br>10<br>11<br>12<br>13<br>14 | BERTACCHI | ...that you guys can, that Larry can sign, Larry can sign on your behalf I guess.  Just stating that you asked this to be done basically.  And that we'll get the, the LaSalle account moved over eventually.  (IA). |
| 15 | CAPRIOTTI | Okay. |
| 16 | UM | Yeah okay. |
| 17 | CAPRIOTTI | Let me see what he says. |
| 18<br>19<br>20 | BERTACCHI | But now I gotta go do another one for another dollar amount too.  Let me, I'll go talk to Jim real fast. |
| 21 | UM | Okay. |
| 22<br>23<br>24<br>25<br>26<br>27<br>28<br>29<br>30<br>31<br>32<br>33<br>34<br>35<br>36 | CAPRIOTTI | Let me read this to you Jack.  If it's pursuant to the direction of me and you, I have been instructed this is Gary writing this to wire so many dol, three and a half million dollars into the a, account at LaSalle.  The account numbers (IA).  I have been assured by me that the account which we have been trying to get changed to be under our direct control and to get reporting from the bank that the state auditors have requested at the last audit will be done prior to the end of the current month.  And then I'm (IA) I (IA) to acknowledge and sign that. |
| 37 | HARGROVE | Okay. |
| 38 | CAPRIOTTI | Okay? |

20

| | | |
|---|---|---|
| 1<br>2 | HARGROVE | I'm not gonna let Gary down (IA) I'm gonna be all over this next week though. |
| 3<br>4 | CAPRIOTTI | Well I'm gonna tell you another thing (IA). |
| 5 | HARGROVE | Get squared away again. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | CAPRIOTTI | There, there, there are certain. This thing that, uh, it Alan told me about with Thillen. I'm gonna murder him on that. I mean that's, in my opinion, one of the reasons why we're not getting the most float out of our money anymore. Is because they, they have, Thillens is screwed up and Allan hadn't paid any attention to it. |
| 15 | HARGROVE | What Thillens collects all of our... |
| 16<br>17<br>18 | CAPRIOTTI | Thillens collects all the money from our office. But they're not supposed to get there Jack til six thirty at night. |
| 19 | HARGROVE | Mm hmm. |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28<br>29<br>30<br>31<br>32<br>33<br>34<br>35<br>36<br>37<br>38 | CAPRIOTTI | That gives the closers time to close all of the closings that they have at least on a nine to five basis. Okay? And then all those things are rounded up and is brought down to essential encoding department in the Loop. And then they're massively deposited at LaSalle Bank. And that's supposed to be a very efficient system. But what's happened is these drivers have been deciding that they don't wanna be out so late. So they're coming two and three hours earlier than they're supposed to. But what happens is three, four and five o'clock is the heaviest time for us to close. So we're only getting half the deposits in the bank and so we lose a whole day of interest, on half our money. |
| 39<br>40<br>41 | HARGROVE | Well next week I'm gonna be all over this Larry. Cause I don't want Gary having a heart palpations here. |
| 42<br>43 | CAPRIOTTI | I don't blame you Jack. I mean but, you know, it's just we, we need more bodies |

21

| | | |
|---|---|---|
| 1 | | upstairs and it's obvious that Alan |
| 2 | | can't run that department. We're gonna |
| 3 | | have to get him, we're gonna have to get |
| 4 | | somebody in there that'll run the |
| 5 | | department. At some point in time. |
| 6 | HARGROVE | So Monday, who will I be talking to |
| 7 | | Monday, uh, Alan? |
| 8 | CAPRIOTTI | Alan Hurwick. Yeah. |
| 9 | HARGROVE | When, what time of day is, at the end of |
| 10 | | the day I guess. I need to set up a, a |
| 11 | | time with him like at five o'clock or |
| 12 | | something. |
| 13 | CAPRIOTTI | He, he gets, he gets things, Jack, at |
| 14 | | the account first thing in the morning. |
| 15 | | And then at the very end of the day. He |
| 16 | | gets, he gets his, he gets. |
| 17 | HARGROVE | So I need to be checking with Al in the |
| 18 | | morning? |
| 19 | CAPRIOTTI | Yeah. |
| 20 | HARGROVE | And at night to see where he's at so we |
| 21 | | can get Gary squared away. |
| 22 | CAPRIOTTI | Okay. Gary you can fax that to Jack |
| 23 | | with my signature on it and you, and you |
| 24 | | can, uh, then Jack will sign it. And |
| 25 | | I'll sign this one. |
| 26 | HARGROVE | Then I wanna contact Gary everyday so he |
| 27 | | knows what's going on. |
| 28 | CAPRIOTTI | Jack? |
| 29 | HARGROVE | Yeah. |
| 30 | CAPRIOTTI | Gary's gonna fax two things to you. |
| 31 | HARGROVE | Oh, is he back? |
| 32 | CAPRIOTTI | Yeah, he's back. He's sitting here. He |
| 33 | | just walked in. Uh, he had to get |
| 34 | | another, uh, letter typed. But, uh, |
| 35 | | anyway. Um, that's okay. And then |
| 36 | | you're gonna, this money will go out |
| 37 | | today, right? |

22