UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 779 |
| | ) | |
| JACK L. HARGROVE | ) | Judge James B. Moran |

**GOVERNMENT'S RESPONSE TO FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK'S PETITION FOR A HEARING TO ADJUDICATE ITS INTEREST IN PROPERTY**

## I. INTRODUCTION

Fidelity National Title Insurance Company of New York ("Fidelity") has submitted a petition for a hearing to adjudicate its interest in certain property that the United States of America has sought to forfeit. The specific property at issue is the real property commonly known as the Arrowhead Condominium Development Corporation ("Arrowhead") located in Mokena, Illinois and the cash proceeds derived from the sale of certain portions of Arrowhead. After reviewing Fidelity's petition and reviewing the relevant documents, the government has determined that no hearing is necessary, and the government seeks entry of an order vacating those portions of the Preliminary Order of Forfeiture relating to Arrowhead and the cash proceeds derived from the sale of certain portions of Arrowhead, and leaving the remaining terms and conditions of the Preliminary Order of Forfeiture in effect.

## II. BACKGROUND

On or about August 12, 2003, a federal grand jury returned an indictment against Hargrove for his participation in a scheme to defraud numerous individuals and entities out of millions of dollars by looting the escrow accounts of Intercounty Title Company of Illinois and Intercounty Title

Company, an Indiana corporation (Intercounty Title Company of Illinois and Intercounty Title Company, an Indiana corporation, are collectively referred to as "Intercounty"). Fidelity was a victim of the fraud, having sustained a loss of approximately $36 million.

### A.     **Fidelity's Interest in Arrowhead**

Prior to the indictment in this matter, and prior to knowledge of Hargrove's fraud becoming known, Fidelity learned that Intercounty's escrow account had a large negative balance. At the time, Intercounty was the title agent for Intercounty National Title Insurance Company ("INTIC"), a title insurance company. INTIC had very low title insurance policy limits, and, as such, contracted with Fidelity for reinsurance. As a result, Fidelity was responsible for the vast majority of the insurance coverage issued by INTIC through Intercounty.

On or about March 17, 2000 – at or near the time Fidelity learned of the escrow shortage – Hargrove assigned to Fidelity as collateral 100% of the beneficial interest in the land trust that owned Arrowhead (the "Arrowhead Trust"). On or about March 29, 2000, Fidelity filed with the Will County Recorder's office, a UCC financing statement covering the assignment to Fidelity of 100% of the beneficial interest in the Arrowhead Trust. For the 100% beneficial interest in the Arrowhead Trust, Fidelity agreed to: (a) cover deficiencies in Intercounty's escrow account up to the value of the collateral pledged by Hargrove; and (b) release Hargrove from any and all claims and liabilities arising out of the escrow deficiency up to the value of the collateral.

On or about May 23, 2000, Fidelity, Hargrove and ITI Enterprises entered into another agreement related to Arrowhead, the Arrowhead Trust and Intercounty's escrow deficiency. Specifically, pursuant to the May 23, 2000, agreement, Hargrove pledged to Fidelity 30% of the net proceeds of the sales of Arrowhead property. Thus, due to the May 23, 2000, agreement, Fidelity's

interest in Arrowhead was no longer a mere collateral interest. Rather, as of that date, Fidelity was directly entitled to sales proceeds.

Based on the interests Fidelity acquired in the Arrowhead Trust, Fidelity has received proceeds from Arrowhead. As of May 23, 2006, Fidelity had received approximately $779,426.40 from its interests in the Arrowhead Trust.

**B.**     **Hargrove's Bond**

After the return of Hargrove's indictment, Hargrove posted with the Clerk of the Court as security for his bond, the proceeds of two sales of Arrowhead properties totaling $865,682.59 plus interest. Fidelity did not contest Hargrove's posting of those proceeds.

**C.**     **The Preliminary Order of Forfeiture**

On June 29, 2006, this Court signed a Preliminary Order of Forfeiture that was entered on the docket on July 10, 2006. Pursuant to the Preliminary Order of Forfeiture, this Court ordered that the following property, among other property, was forfeit to the United States:

> (b)     Real property commonly known as the Arrowhead Condominium Development Corporation: 11611 S. 197th Street, Mokena, Illinois; 11621 W. 197th Street, Mokena, Illinois, 11619 Seminole, Mokena, Illinois, and 11609 Seminole, Mokena, Illinois, all legally described as follows:
>
> LOTS 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16 AND OUT-LOT B AND THE EAST 33 FEET OF THE NORTH 5.00 FEET OF OUT-LOT A, IN BLACKHAWK VILLAGE, BEING A PART OF THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 7 AND THE NORTHEAST 1/4 OF THE NORTHWEST 1/4 OF SECTION 18, TOWNSHIP 35 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 14, 1977 AS DOCUMENT NUMBER R-7734846 AND RECORDED OCTOBER 7, 1977 AS DOCUMENT NUMBER R77-38916, IN WILL COUNTY, ILLINOIS.

      Permanent Index Numbers:
            19-09-07-303-012;
            19-09-07-303-013;
            19-09-07-303-048; and
            19-09-07-303-049.

            \*    \*    \*

(d)    Funds in the amount of $431,120.73, plus interest, currently held with the Clerk of the Court as security for defendant's release on bond, which funds represent the proceeds of the sale of real property commonly known as 11629 West Seminole Court, Mokena, Illinois; [and]

(e)    Funds in the amount of $434,561.86, plus interest, currently held with the Clerk of the Court as security for defendant's release on bond, which funds represent the proceeds of the sale of real property commonly known as 11631 W. 197th Street, Mokena, Illinois;

All of the property described above relates to Arrowhead.

### III.   ANALYSIS

Based on the facts presented above, the government has determined that Fidelity has a secured interest in 100% of the beneficial interest of the Arrowhead Trust and had that interest at the time of the sales that resulted in the proceeds that Hargrove posted as part of his bond. That beneficial interest accords Fidelity the following powers: "(1) to possess, manage and physically control the real estate; (2) to receive all income generated by the propert[y]; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds of any sale of the property made pursuant to the power of direction." In re Estate of Crooks, 638 N.E.2d 729, 733 (1st Dist. 1994). As such, the government no longer seeks to forfeit Arrowhead.

In taking this position, the government notes that it acted in good faith in seeking to forfeit Arrowhead as set forth in the Preliminary Order of Forfeiture. Hargrove posted the proceeds of the

sales of two Arrowhead properties as security for his bond. Yet, Fidelity did not contest that action or seek to immediately take control of those proceeds.

Further, the government's failure to uncover Fidelity's security interest in Arrowhead and to notify Fidelity of the Preliminary Order of Forfeiture was inadvertent. At no time did the government seek to acquire through forfeiture property to which it did not believe it was entitled.

## IV.  CONCLUSION

The government seeks entry of an order vacating that portion of the Preliminary Order of Forfeiture relating to Arrowhead and the cash proceeds derived from the sale of certain portions of Arrowhead, i.e., an order vacating paragraphs 2(b), (d) and (e) of the Preliminary Order of Forfeiture. All remaining terms and conditions of the Preliminary Order of Forfeiture should remain in effect.

Dated: August 9, 2007

Respectfully submitted,

PATRICK J. FITZGERALD

By:  Scott R. Drury/s
 MARSHA A. McCLELLAN
 SCOTT R. DRURY
 Assistant United States Attorneys
 219 South Dearborn, 3rd Floor
 Chicago, Illinois 60604
 (312) 353-1416

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK'S PETITION FOR A HEARING TO ADJUDICATE ITS INTEREST IN PROPERTY**

was served on August 9, 2007, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By: <u>Scott R. Drury/s</u>
SCOTT R. DRURY
Assistant United States Attorney
219 South Dearborn, 3rd Floor
Chicago, Illinois 60604
(312) 353-1416